UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK WISCONSIN, N.A.,

                     Plaintiff,

                                                   CIVIL CASE NO. 03-40340

v.

HP/MANAGEMENT GROUP, INC.,          HONORABLE PAUL V. GADOLA
                                                                     U.S. DISTRICT COURT
           Defendant/Third-Party Plaintiff,

v.

HEALTHLINK SERVICES, LLC,

                     Third-Party Defendant.
                                         /

### ORDER GRANTING AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

Before the Court is Third-Party Defendant HealthLink Services's Motion to Dismiss Third-Party Complaint, filed on November 19, 2004. For the following reasons, the Court will grant and deny in part the motion to dismiss.

    **I.**      **Background**

Plaintiff Wells Fargo Bank Wisconsin, N.A. ("Trustee") is the trustee to six separate bond financing transactions used by a corporation (originally called "The Malachi Corporation," but now going by the name "Doric Corporation") to purchase seven nursing homes. After Malachi/Doric defaulted on the financings, the Trustee filed suit in this Court, *Norwest Bank Wisconsin v. The Malachi Corporation, Inc.*, Civil Case No. 99-40146. In that case, on March 31, 1999, the Court appointed HealthLink Services, LLC ("Receiver") as the receiver of the seven nursing homes.

Pursuant to the authorization of Paragraph 3(d) of the Receivership Order as amended, the Receiver entered into several "Long Term Care Facility Management Agreements" ("Management Agreements") with HP/Management Group, Inc. ("HP Management") for each nursing home facility. Each Management Agreement had identical terms and gave HP Management the authority to "manage all aspects of the operation of the Facility, including but not limited to staffing, accounting, billing, collections, setting of rates, and charges and general administration." Section 1.03, Management Agreements.

The Management Agreements also provided for the indemnity of HP Management by the Receiver in certain circumstances:

> Receiver agrees to indemnify and hold Manager and its officers, directors, agents and employees harmless from and against all losses, claims, damages or other liabilities including the costs and expenses incurred in connection therewith, arising out of or relating to the Receivership or operation of the Facility (except those resulting from the willful misconduct, breach of contract or gross negligence of Manager), including, without limitation, any liability asserted against Manager or any of its officer, directors, employees or agents by reason of any action taken by any of the foregoing while performing the duties of Manager hereunder on behalf of Receiver.

Section 5.09, Management Agreements. Furthermore, the Management Agreements contained a choice of law provision at Section 5.06, stating that the Agreements were to be construed and enforced pursuant to the laws of Georgia.

After conducting an accounting in 2001, the Trustee allegedly discovered that HP Management had unlawfully diverted funds from profitable receivership estates to other receivership estates that were not as profitable. The Trustee then filed the instant case against HP Management on December 29, 2003. In its Second Amended Complaint, which was filed on February 27, 2004,

the Trustee alleges five counts against HP Management. Counts I-IV, conversion claims, allege that HP Management "wrongfully diverted and converted funds" from four nursing homes in breach of its fiduciary duty. Second Amend. Compl., ¶¶ 15, 17, 19, 21. Count V, a breach of fiduciary duty claim, alleges that HP Management "funded and facilitated the bankruptcy filing of Malachi/Doric in order to frustrate efforts to discover and hold it accountable for its diversion of funds." Second Amend. Compl., ¶ 23.

On August 20, 2004, HP Managment filed a third-party complaint against the Receiver seeking indemnity for the allegations in the Trustee's complaint. The Receiver subsequently filed this motion to dismiss the third-party complaint, alleging that HP Management was not entitled to indemnity.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

### III.     Analysis

#### 1.     Counts I-IV

There is no dispute that HP Management is not entitled to indemnification by the Receiver for those claims "resulting from the willful misconduct, breach of contract or gross negligence of Manager." Section 5.09 of Management Agreements. The Receiver argues that its motion to dismiss the third-party complaint should be granted with regard to Counts I-IV of the Second Amended Complaint because the tort of conversion contained in the four counts is an intentional tort, the counts subsequently fall in the "willful misconduct" exception of the indemnity clause of the Management Agreements, and thus, HP Management is not entitled to receive indemnity from the Receiver. The Court agrees.

Conversion is an intentional tort, as the tort can only be committed by a willful act of unlawfully asserting dominion over property. *See Decatur Auto Ctr., Inc. v. Wachovia Bank, N.A.*, 583 S.E.2d 6, 7 (Ga. 2003). Good faith or lack of a wrongful intent does not excuse the tort of conversion, nor does it make the tort any less "willful." *See Bensmiller v. Elias Bros. Restaurant, Inc.* 1997 WL 33343875 at *3 (Mich. App. Oct. 31, 1997) (case relied upon by both parties).

Because conversion is a willful act of unlawfully asserting dominion over someone else's property, it falls squarely within the description of "willful misconduct." Therefore, Counts I-IV are claims "resulting from the willful misconduct, breach of contract or gross negligence of Manager," claims not covered by the indemnity clause of the Management Agreements.  *See* Section 5.09, Management Agreements.

HP Management additionally argues that assuming it prevails against the Trustee's conversion claims, HP Management is entitled to attorney fees and other costs for defending itself. HP Management states this is so because the indemnity provision contains the language that the Receiver will indemnify Manager "against all losses, claims, damages, or other liabilities, including the costs and expenses incurred in connection therewith." Section 5.09, Management Agreements.

The Court is compelled to disagree with HP Management. HP Management's defense of Counts I-IV is a cost incurred in connection with a claim for which it is not indemnified. Therefore, HP Management is not entitled to attorney fees and costs for a successful defense of the conversion claims. For these reasons, the Court grants the Receiver's motion to dismiss with regard to indemnity for Counts I-IV.

### 2. Count V

Count V of Trustee's Second Amended Complaint is a breach of fiduciary duty claim. The Trustee alleges that HP Management "through an affiliate, funded and facilitated the bankruptcy filing of Malachi/Doric in order to frustrate efforts to discover and hold it accountable for its diversion of funds" and that this "breached its fiduciary duty to the Receivership Estates." Second Amend. Compl., ¶¶ 23-24. In both its Answer to the Second Amended Complaint and in its

Response to the Motion to Dismiss, HP Management denies that it funded the payment of a retainer itself in order to facilitate the bankruptcy filing. Instead, HP Management alleges "that an affiliated company of HP funded the payment of a retainer for Malachi/Doric." Ans. to Second Amend. Compl., ¶ 11. The Receiver argues that the third-party complaint should be dismissed with regard to Count V because HP Management's alleged conduct in Count V does not arise out of the duties or responsibilities set out in the Management Agreements, and thus, is outside the coverage of the indemnity clause. HP Management argues, in opposition, that it did not act outside of its duties, nor that it breached its fiduciary duty.

The Receiver is not entitled to its motion to dismiss with regard to indemnity for Count V. Unlike the conversion claims of Counts I-IV, claims which by definition involve willful conduct excluded from indemnification, Count V is a claim expressly concerned with whether HP Management's conduct was within its duties. Count V, therefore, for the purposes of a 12(b)(6) motion, states a claim "arising out of or relating to the Receivership," and consequently falls under the indemnity provision.

**IV.     Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Third-Party Defendant HealthLink Services' motion to dismiss is **GRANTED** with regard to the claims of indemnity for Counts I-IV of the Trustee's Second Amended Complaint, and **DENIED** with regard to the claim of indemnity for Count V of the Second Amended Complaint.

**SO ORDERED.**

Dated:  January 30, 2006             s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  January 31, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
         Eric H. Lipsitt; Aaron M. Phelps                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Kay Standridge Kress; Patrick J. McLaughlin; Gregory T. Stewart

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (810) 341-7845